**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

January 27, 2017

<u>VIA REGULAR MAIL & CERTIFIED MAIL, R.R.R.</u>
Karin Wolf, Pro Se
ACP 2312
P.O. Box 1110
Albany, NY 12201

<u>VIA ECF</u>
Counsel for Defendants

<u>**LETTER ORDER**</u>

    Re:    <u>Karin Wolf v. Superior Court of New Jersey</u>
            <u>Civil Action No. 16-226</u>

Dear Litigants:

    Before this Court is <u>pro se</u> Plaintiff Karin Wolf's ("Plaintiff") petition for leave to proceed <u>in forma pauperis</u> ("IFP") under 28 U.S.C. § 1915 to file an Amended Petition for Writ of Mandamus.  Dkt. Nos. 2, 6.

    Plaintiff's Petition is dismissed as frivolous.  <u>See</u> 28 U.S.C. § 1915(e)(2).  This petition arises from Plaintiff's 2007 divorce and ensuing custody proceedings in New Jersey state court. In 2014, Plaintiff filed a prolix complaint naming as defendants essentially any person with a conceivable connection to the state court proceedings, including the Superior Court of New Jersey. <u>Wolf v. Escala</u>, No. 14-5985, Dkt. No. 1 (D.N.J. 2014).  In May 2015, the Court dismissed the case under Rule 12(b)(6) and the matter is now closed.  <u>Id.</u>, Dkt. No. 81 ("Opinion").  In January 2016, Plaintiff filed the instant amended petition for a writ of mandamus against the Superior Court of New Jersey based on identical claims.  <u>Wolf v. Superior Court of New Jersey</u>, No. 16-226, Dkt. No. 6 (D.N.J. 2016).

    Here, as in the prior case, Plaintiff asks this Court to (1) vacate the state court's decisions in her case; (2) find several of the state court's orders unconstitutional, (3) enjoin the state court from enforcing those orders, and (4) require the state court to divest itself of jurisdiction.  <u>See</u> Dkt. No. 6 at 33.  This Court lacks jurisdiction to grant these requests.  Plaintiff does not allege any conduct over which the Court has mandamus jurisdiction; nor would Plaintiff's writ aid in the Court's jurisdiction.  <u>See</u> 28 U.S.C. §§ 1361, 1651.  Instead, the Court lacks jurisdiction over the requested relief based on the <u>Rooker</u>-<u>Feldman</u> doctrine, as noted in the Opinion dismissing Plaintiff's prior action.  <u>See</u> Op. at 16-19.  As such, the Petition will be dismissed.

**IT IS**, on this 27th day of January, 2017,

**ORDERED** that the Amended Petition for Writ of Mandamus is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

This matter is closed.

              **SO ORDERED**.

              *s/ Madeline Cox Arleo*
              **MADELINE COX ARLEO**
              **UNITED STATES DISTRICT JUDGE**